UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SHKELQESA DERVISHI on her own behalf : | |
| on behalf of her minor son T.D., : | |
|     Plaintiff, : | |
| v. : | 3:13-cv-00893-WWE |
| : | |
| ERIK A. MAYVILLE, : | |
|     Defendant. : | |

## MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO DISMISS

This is an action by Shkelqesa Dervishi, proceeding *pro se* on her own behalf and on behalf of her minor son, challenging the educational programs established for her son by the Stamford Board of Education. Defendant Erik A. Mayville is a licensed psychologist and board certified behavior analyst employed in private practice by the Institute for Educational Planning, LLC. Dr. Mayville was hired by the Stamford Public Schools to independently evaluate plaintiff's son and assess his educational needs for an Individualized Education Plan pursuant to the Individuals with Disabilities Education Act ("IDEA").

The operative complaint alleges violation of the IDEA; the Rehabilitation Act; the Americans with Disabilities Act ("ADA"); 42 U.S.C. Section 1983 (equal protection and First Amendment retaliation); as well as common law defamation. Defendant has moved to dismiss the complaint in its entirety. For the following reasons, defendant's motion will be granted.

## DISCUSSION

The function of a motion to dismiss is "merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." Ryder Energy Distribution v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779 (2d Cir. 1984). When deciding a motion to dismiss, the Court must accept all well-pleaded allegations as

true and draw all reasonable inferences in favor of the pleader.  Hishon v. King, 467 U.S. 69, 73 (1984).  The complaint must contain the grounds upon which the claim rests through factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007).   A plaintiff is obliged to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

The factual allegations of plaintiff's complaint concern the alleged improprieties in the development of an appropriate educational program for plaintiff's son, who suffers from autism spectrum disorder and accompanying intellectual and language impairments.  This action is plaintiff's fourth lawsuit alleging that her son has been denied a free appropriate public education ("FAPE") under the IDEA.  See Docket Nos. 3:11cv1018 (WWE), 3:13cv1260 (WWE), 3:14cv1125 (WWE).

Plaintiff's amended complaint and her opposition to defendant's motion to dismiss confirm that she seeks relief arising out of the educational program provided to her son.  Defendant argues that plaintiff is required to pursue the relief she seeks under the rubric of the IDEA because plaintiff is seeking relief related to her son's educational program and placement.  See Cave v. East Meadow Union Free School Dist., 514 F.3d 240, 245-49 (2d Cir. 2008).  "Under the educational scheme of the IDEA (previously known as the Education of the Handicapped Act), parents of students with disabling conditions are guaranteed both an opportunity for meaningful input into all decisions affecting their child's education and the right to seek review of any decisions they think inappropriate."  Id. at 245.

"A plaintiff's failure to exhaust administrative remedies under the IDEA deprives a court

of subject matter jurisdiction." Polera v. Board of Educ. of Newburgh Enlarged City School Dist., 288 F.3d 478, 483. "Importantly, complainants must overcome this significant procedural hurdle not only when they wish to file a suit under the IDEA itself, but also whenever they assert claims for relief *available* under the IDEA, regardless of the statutory basis of their complaint." Cave 514 F.3d at 246. Accordingly, "the IDEA's exhaustion rule applies to all of [plaintiff's] federal causes of action regardless of their statutory bases." Id. at 248.

As this Court ruled in Dervishi v. Stamford Board of Education, Docket No. 3:11cv1018 (WWE), only plaintiff's claims against the Board for the 2010-2011 school year have been exhausted [Doc. # 60]. Although the IDEA's exhaustion requirements do not apply where exhaustion would be futile, Coleman v. Newburgh Enlarged City Sch. Dist., 503 F.3d 198, 205 (2d Cir. 2007), plaintiff bears the burden of establishing that the futility exception is applicable, and the exception is a narrow one, as sweeping exceptions are at odds with Congress' belief that administrative agencies are best suited to get it right by correcting their errors and properly designing their programs. Polera, 288 F.3d 478, 489 (2d Cir. 2002).

Plaintiff argues that exhaustion of administrative remedies is not necessary where it would be futile or inadequate, but plaintiff has not demonstrated or articulated why adequate relief is not available, aside from the availability of money damages:

> In this case exhaustion would be futile because money damages, which are unavailable through the administrative process, are the only remedy capable of redressing the plaintiffs' injuries . . .

Pl.'s Resp. at 15 [Doc. #33].

Plaintiff's argument is unavailing, as "a disabled student who claims deficiencies in her educational program may not bypass the IDEA's administrative exhaustion rule merely by

3

claiming monetary damages." Cave at 514 F.3d at 247.  Accordingly, as this Court previously ruled in Dervishi v. Stamford Board of Education, Docket No. 3:11cv1018 (WWE), plaintiff's federal IDEA related claims outside of the 2010-2011 school year must be dismissed for lack of subject matter jurisdiction.  As Dr. Mayville's evaluations of plaintiff's son occurred after the 2010-2011 school year, the IDEA related claims against him will be dismissed.

### Individual Liability under the IDEA

Exhaustion of administrative remedies aside, plaintiff's complaint will be dismissed, in the alternative, because individuals may not be held liable under the IDEA.  See Colon v. Colonial Intermediate Unit 20, 443 F. Supp. 2d 659, 669 (M.D. Pa. 2006) ("The IDEA imposes requirements on public educational authorities and private entities that accept placement of IDEA covered students. Liability under the IDEA does not extend to individual actors [.]")

### Plaintiff's Common Law Defamation Claim

As all of plaintiff's federal claims will be dismissed, it would be inappropriate for the Court to retain jurisdiction over her state law defamation claim.  See Cave 514 F.3d at 250 ("Certainly, if the federal claims are dismissed before trial ... the state claims should be dismissed as well.")  Accordingly, plaintiff's defamation claim will be dismissed.

### CONCLUSION

For the foregoing reasons, defendant's motion to dismiss [Doc. #31] is GRANTED.  The Clerk is instructed to close this case.

Dated this 18th day of August, 2015, at Bridgeport, Connecticut.

    /s/Warren W. Eginton
WARREN W. EGINTON
SENIOR UNITED STATES DISTRICT JUDGE